**United States District Court**
**Central District of California**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.** | **CR 11-543-JFW & CR 11-542-JFW** |
| **Defendant**  Daniel Morabito | **Social Security No.**   7   2   1   8 | |
| akas:  MORABITO, Daniel Gordon (true) | (Last 4 digits) | |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| December | 21 | 2012 |

**COUNSEL**    **Richard Novak, Retained**
(Name of Counsel)

**PLEA**   [x] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
Conspiracy to Commit Mail Fraud, Wire Fraud, and Offer and Sale of Unregistered Securities in violation of 18 U.S.C. § 371 as charged in Count 1 of the Indictment filed in CR 11-543 JFW on June 15, 2011

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Daniel Morabito, is hereby committed on Count One of the Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of 1 year and 1 day.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office, General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05.

2. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

3. The defendant shall cooperate in the collection of a DNA sample from the defendant.

4. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments     and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

5.     The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving loan programs, telemarketing activities, investment programs or any other business involving the solicitation of funds or cold-calls to customers without the express approval of the Probation Officer prior to engagement in such employment. Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is further ordered that the defendant surrender himself on or before 12 noon on April 1, 2013, to the institution designated by the Bureau of Prisons. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

It is ordered that the defendant shall pay restitution in the total amount of $21,897,532.86 pursuant to 18 U.S.C. § 3663A.

Restitution shall be paid according to the confidential victim list prepared by the probation office. The victims list, which shall be forwarded from the Probation Office to the fiscal section of the clerk's office, shall remain confidential. If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10% of defendant's gross monthly income, but not less than $25, whichever is greater, during the period of supervised release and shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall be held jointly and severally liable with co-defendants Daniel Toll, Joel Lee Craft, Jr., James Lloyd, Paul Baker, Bart Douglas Slanaker, Allen Bruce Agler, Albert Greenhouse, Delitha Floyd, Brian Emmanuel Ellis, Daniel Morabito, and David Nelson , for the amount of $13,230,676.05 in restitution ordered in this judgment. Further, the defendant shall be held jointly and severally liable with co-participants James Lloyd, Allen Bruce Agler, Joel Lee Craft, Jr., Robert Keskemety, Jady Laurence Herrmann, Joseph McCarthy, Matthew Bryan Wellman-Mackin, and Robert Ramirez, (Docket No. CR11-00542-JFW), as well as co-participant Michael Sellers (Docket No. CR11-00202-JFW), for the amount of $8,666,856.81 in restitution ordered in this judgment. The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.

The defendant shall comply with General Order No. 01-05.

All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Bond exonerated upon self surrender.

Court recommends that the defendant be placed in the Minimum Security Satellite Camp at Otisville, New York.

On the Government's Motion, and in the interest of justice, the Court orders the Indictment dismissed in CR-542-JFW and Counts 2, 4, 19 and 27 in CR 11-543-JFW as to this defendant only.

Defendant informed of right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| December 21, 2012 | _[signature]_ |
| --- | --- |
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| December 21, 2012 | By | Shannon Reilly /s/ |
| --- | --- | --- |
| Filed Date | | Deputy Clerk |

| USA vs. Daniel Morabito | Docket No.: **CR 11-543-JFW** & **CR 11-542-JFW** |
|---|---|

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

| USA vs. Daniel Morabito | Docket No.: **CR 11-543-JFW** & **CR 11-542-JFW** |
|---|---|

[X] The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

| | | | |
|---|---|---|---|
| Defendant delivered on | | to | |
| Defendant noted on appeal on | | | |
| Defendant released on | | | |
| Mandate issued on | | | |
| Defendant's appeal determined on | | | |
| Defendant delivered on | | to | |

| USA vs. Daniel Morabito | Docket No.: **CR 11-543-JFW** & **CR 11-542-JFW** |

at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____    Deputy Marshal
Date

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____    Deputy Clerk
Filed Date

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
Defendant                                     Date

_____    _____
U. S. Probation Officer/Designated Witness    Date