ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEPHEN A. CAZARES (Cal. Bar. No. 201864)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ELLYN MARCUS LINDSAY (Cal. Bar No. 116847)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0707/2041
     Facsimile: (213) 894-6269
     E-mail: Steve.Cazares@usdoj.gov
             Ellyn.lindsay@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 11-542-JFW |
| --- | --- |
| Plaintiff, | CR 11-543-JFW |
| v. | ORDER GRANTING THE GOVERNMENT'S UNOPPOSED MOTION TO ABATE THE PROSECUTION OF DEFENDANT ALLEN AGLER AND DISMISS THE CHARGES AS TO DEFENDANT AGLER |
| ALLEN AGLER, | |
| Defendant. | |

Having considered the Government's Unopposed Motion to Abate the Prosecution of Defendant Allen Agler and Dismiss the Charges as to Defendant Agler, the supporting declaration of Stephen A. Cazares, the records and files in this case, and argument by the parties at the July 8, 2013, hearing on this matter;

THE COURT FINDS that that on June 15, 2011, a grand jury returned two indictments, CR 11-542-JFW and CR 11-543-JFW, that charged defendant Agler variously with conspiracy, mail and wire

fraud, and the sale of unregistered securities. The charges related to defendant's participation in the sale of investments in independent films produced by Michael Sellers and his Q Media production entities in CR 11-542, and by Cinamour Entertainment in CR 11-543. On December 9, 2011, defendant pleaded guilty to counts one (conspiracy) and thirteen (wire fraud) of CR 11-542-JFW (Q Media indictment), and to counts one (conspiracy) and twenty (wire fraud) of CR 11-543-JFW (the Cinamour indictment). Defendant Agler's sentencing hearing was originally scheduled for July 9, 2012, and was later continued several times, ultimately, to April 26, 2013.

THE COURT FURTHER FINDS that on March 19, 2013, defendant passed away, before his sentencing, the entry of any judgment and commitment order, and while defendant still possessed rights of appeal of his pending convictions. For these reasons, as set forth more thoroughly below, the government moves the Court for abatement of defendant's prosecution and the dismissal of all charges in the indictments as to defendant.

The death of a defendant pending direct appeal abates the appeal and the underlying prosecution. See United States v. Oberlin, 718 F.2d 894, 895 (9th Cir. 1983). Under such circumstances, the pending appeal should be dismissed, any judgment vacated, and the indictment dismissed. Id. This rule of abatement similarly applies where, as here, a defendant dies before entry of judgment and before the filing of any notice of appeal because the defendant still possessed an appeal of right from his conviction at the time of his death. Id. at 896. In the instant matter, defendant passed away on March 19, 2013, before his sentencing, the

entry of any judgment, and while defendant still possessed an appeal of right from his pending conviction.

ACCORDINGLY, FOR GOOD CAUSE SHOWN, THE COURT ORDERS that the government's motion for abatement of the prosecution of defendant Agler is GRANTED.

THE COURT FURTHER ORDERS the prosecution of defendant Agler abated and all charges against defendant Agler dismissed as follows:

CR 11-542-JFW, counts 1, 9-11, 13, 14, 17, and 26; and

CR 11-543-JFW, counts 1-3, 5, 7, 20, 26 and 29.

IT IS SO ORDERED.

DATED: July 10, 2013

_____
HONORABLE JOHN F. WALTER
United States District Judge